UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

RAINA KUGLER,

                Plaintiff,

        -against-

JOHN E. POTTER, POSTMASTER GENERAL,

                Defendant.
----------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

Index No. ★ FEB 09 2011 ★

LONG ISLAND OFFICE

CV 11 0648

COMPLAINT

(S1)

MAUSKOPF, J.

MANN, M.

    Plaintiff, RAINA KUGLER, by and through her attorney, STEPHEN I. FEDER, ESQ., complaining of the Defendant herein, alleges upon information and belief:

### NATURE OF THE ACTION

    1.    This is an action for declaratory, monetary, injunctive and affirmative relief caused by Defendant's discriminatory practices against Plaintiff and the subsequent discharge of Plaintiff's employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. § 2000 et seq., the New York State Human Rights Law, Executive Law § 290 et seq., (hereinafter NYSHRL), Title 8 of the Administrative Code of The City of New York (The New York City Human Rights Law) §8-101 et seq.,(hereinafter NYCHRL), and other appropriate rules, regulations, statutes and ordinances.

### JURISDICTION AND VENUE

    2.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

3.    This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391 because the violations occurred in the State of New York.

4.    This court has the power to issue declaratory relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

5.    Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on November 12, 2010, a true and accurate copy of which is attached hereto as Exhibit "A"

## PARTIES

6.    Plaintiff, RAINA KUGLER, is a citizen of the United States of America and a resident of the State of New York, County of Queens.

7.    At all times relevant herein, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f), a "person" within the meaning of Section 292(1) of the New York State Human Rights Law, and §8-102 of the New York City Human Rights Law.

8.    Upon information and belief, Defendant, JOHN E. POTTER, is the POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE, (hereinafter, "USPS") an agency of the Federal Government of the United States of America.

9.    Defendant was an "employer" of Plaintiff within the meaning of 42 U.S.C. § 2000e(b), § 292(5) of the New York State

2

Human Rights Law, and §8-102 of the New York City Human Rights Law.

## FACTS

10.  In 1989, Plaintiff began employment with the USPS as a Window/Distribution clerk.

11.  For the next approximately 15 years, Plaintiff continued working for the USPS.

12.  Throughout Plaintiff's employment, she performed her job in an exemplary manner, and she received several commendations for her work.

13.  On or about January 10, 1997, Plaintiff was assaulted on the job by a co-worker, which left Plaintiff injured.  As a result of her injuries, Plaintiff was reduced to limited duty status, and continued to work for the USPS.

14.  On or about August, 2003, Plaintiff was transferred to a unit in the USPS known as the CFS unit.

15.  At some point after being sent to the CFS unit, Plaintiff was reassigned to a different unit, known as the RTS unit, which was located downstairs in the same facility.

16.  Approximately one year after being assigned to the RTS unit, the CFS unit was disbanded by the USPS.

17.  Upon the disbandment of the CFS unit, Plaintiff was summarily told that her position had been terminated, and that she must relocate (Even though Plaintiff had not worked in that unit for about a year).

18.  No one else in the RTS unit was told to leave, and, upon

3

information and belief, the RTS unit is still in existence, and has been so, uninterrupted, since the date of the incident.

19.    The ELM (Employee Labor Manual) under which the USPS is required to treat its employees in a fair and unbiased manner, contains certain guidelines for the reassignment of limited duty personnel, such as Plaintiff.

20.    Under the terms of the ELM §546.142, when a limited duty person needs to be reassigned, the supervisor is obligated to attempt to reassign them in the same facility in which they had been working.  Clearly, there was work available for the Plaintiff in the building, because Plaintiff was already working that job, in that building, for a year.  As such, even assuming, arguendo, that Plaintiff still was officially assigned to the now disbanded CFS unit, there was no need for the supervisor to do anything other than to formally reassign her to the job that she had already been working at for a year.

21.    On the other hand, assuming that she had already been officially transferred to the RTS unit, there would have been no need to reassign her at all.  Either way, this entire incident was totally unnecessary, and was based on discrimination and retaliation.

22.    Furthermore, even assuming that the USPS was justified in reassigning the Plaintiff, the method used was also legally deficient.

23.    The ELM requires that the supervisor "...minimize any adverse or disruptive impact on the employee...".  The actions of

4

Mr. Spandorf clearly violated this obligation.

24.   Neil Spandorf attempted to justify his actions by stating to Plaintiff that the RTS unit was also being disbanded.   This statement was a blatant untruth.

25.   Under the terms of the Postal Service regulations (Handbook EL-307), when a Limited Duty person needs to be reassigned, there is a requirement of an "interactive process" whereby the employee is given a certain number of required meetings with supervisors, is given a certain period of time to review job offers, etc.

26.   Plaintiff was sent to a new job location without proper paperwork, and was not allowed any time for her physician to review the job offer to insure that it met with her limited duty restrictions.   Defendant violated its own rules and regulations as well as 20 CFR § 10.505 in this regard, and it was due to discrimination and retaliation.

27.   The retaliation continued, specifically, when Plaintiff was ordered to report to Mr. Spandorf's office on numerous occasions, and was told that she must sign a particular job offer given to her,   Mr. Spandorf was aware that the job offer was not within Plaintiff's physical restrictions, but was attempting to force the job offer on her anyway.

28.   Mr. Spandorf also communicated to various other USPS supervisors that Plaintiff was not to be allowed to work in any capacity, at any facility, unless she accepted the one job offer that he was placing her in.

5

29.  As a result of Plaintiff's refusal to accept a job offer which had been improperly given, and which did not fit within her physical limitations, her employment was ultimately terminated, and, with it, so were her medical and pension benefits.

## ELEMENTS OF DISCRIMINATION

30.  Plaintiff is an individual with a qualified disability

31.  On or about January 10, 1997, after having been injured on the job, Plaintiff returned to work

32.  When Plaintiff returned to work, she made certain requests for accommodation due to her physical limitations.

33.  Plaintiff was told to present her request to an individual named Neil Spandorf, who was a supervisor involved in assignments for limited duty personnel.

34.  Spandorf refused to accommodate Plaintiff's request.

35.  Neil Spandorf was aware that Plaintiff had previously been injured on the job, had filed an EEOC complaint and had successfully prosecuted that action.

36.  As a result of this dispute, a further EEOC complaint was filed, and was, again, successfully prosecuted.  Spandorf was well aware of this situation, as the settlement forced him to provide the accommodation that she had requested, and that he had refused to voluntarily provide.

37.  The supervisory relationship deteriorated over the succeeding years, culminating in the incident in which the CFS unit was disbanded.

6

38.  Plaintiff filed a complaint in response to the CFS incident.  Almost immediately thereafter, Plaintiff received a Notice of Termination from Spandorf, terminating her employment.

39.  Neil Spandorf was the supervisor who had the responsibility of properly carrying out the details of a reassignment, but, instead, he was the one who orchestrated the reassignment which improperly singled Plaintiff out from all of the other employees in improperly attempting to reassign her.

40.  Upon information and belief, the basis for Mr. Spandorf's vendetta against Plaintiff was the attempt to retaliate against her for having filed prior EEOC complaints against him and his division.

41.  Based upon the above described actions, Defendant unlawfully discriminated against Plaintiff based upon her disability, and in retaliation for prior EEOC activity.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
#### (Title VII - Discrimination based on disability)

42.  Plaintiff repeats and realleges each and every allegation contained herein.

43.  Plaintiff has been discriminated against by Defendants on the basis of her disability in contravention of Title VII, in that Defendant engaged in a course of conduct, as stated above, which subjected Plaintiff to a hostile work environment, i.e., attempting to force Plaintiff to accept job offer which Plaintiff felt was not within her restrictions, while refusing her the opportunity to seek

7

proper medical advice, and which resulted in the termination of Plaintiff's employment.

44. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

45. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting emotional embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

46. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (NYSHRL - Discrimination based on disability)

47. Plaintiff repeats and realleges each and every allegation contained herein.

48. Plaintiff has been discriminated against by Defendants on the basis of her disability in violation of NYSHRL, in that Defendant engaged in a course of conduct, as stated above, which subjected Plaintiff to a hostile work environment, i.e., attempting to force Plaintiff to accept job offer which Plaintiff felt was not within her restrictions, while refusing her the opportunity to seek proper medical advice, and which resulted in the termination of Plaintiff's employment.

49. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

50. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

51. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (NYCHRL – Discrimination based on disability)

52. Plaintiff repeats and realleges each and every allegation contained herein.

53. Plaintiff has been discriminated against by Defendants on the basis of her sex and religion in violation of NYCHRL, in that Defendant engaged in a course of conduct, as stated above, which subjected Plaintiff to a hostile work environment, i.e., attempting to force Plaintiff to accept job offer which Plaintiff felt was not within her restrictions, while refusing her the opportunity to seek proper medical advice, and which resulted in the termination of Plaintiff's employment.

54. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of

9

past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

55.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

56.   The conduct of Defendants was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Title VII - Retaliation)**

57.   Plaintiff repeats and realleges each and every allegation contained herein.

58.   Plaintiff has been retaliated against by Defendant on the basis of the exercise of rights guaranteed by Title VII, protected activities known to Defendant, and Plaintiff's complaints regarding the unlawful treatment to which Plaintiff was subjected.

59.   As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

60.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and

10

consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

61.   The conduct of Defendants was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### (NYSHRL - Retaliation)

62.   Plaintiff repeats and realleges each and every allegation contained herein.

63.   Plaintiff has been retaliated against by Defendant on the basis of the exercise of rights guaranteed by NYSHRL, protected activities known to Defendant, and Plaintiff's complaints regarding the unlawful treatment to which Plaintiff was subjected.

64.   As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

65.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

66.   The conduct of Defendants was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

11

## SIXTH CLAIM FOR RELIEF
### (NYCHRL - Retaliation)

67.   Plaintiff repeats and realleges each and every allegation contained herein.

68.   Plaintiff has been retaliated against by Defendant on the basis of the exercise of rights guaranteed by NYCHRL, protected activities known to Defendant, and Plaintiff's complaints regarding the unlawful treatment to which Plaintiff was subjected.

69.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

70.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

71.   The conduct of Defendants was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment as follows:

a.   Restoring Plaintiff to her former position;

12

b.   purging Plaintiff's employment record with Defendant of all adverse disciplinary/termination documents which were placed in her file due to the aforementioned violation;

c.   ordering an award of Plaintiff's actual damages including back pay and front pay as a direct result of Defendant's discriminatory conduct;

d.   ordering an award of liquidated damages for Defendant's willful violation;

e.   ordering Defendant to pay the costs and disbursements of this action, including expert fees and attorney's fees;

f.   ordering Defendant to pay to Plaintiff prejudgment interest;

g.   Imposing punitive damages as allowed by law; and

h.   for such other and further relief as the Court may deem just and proper.

Dated:    Forest Hills, NY
          February 8, 2011

STEPHEN I. FEDER, ESQ.
Atty. for Plaintiff
116-55 Queens Blvd., Suite 201
Forest Hills, NY 11375
[718] 268-9040

11-40117

13



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Raina Kugler,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(New York Metro Area),
Agency.

Request Nos. 0520100564 & 0520100565

Appeal Nos. 0120092479 & 0120092480

Hearing No. 530-2007-00416x & 520-2007-00117x

Agency No. 4A110002807 4A110011906

<u>DENIAL</u>

Complainant timely requested reconsideration of the decision in <u>Raina Kugler v. U.S. Postal Service</u>, EEOC Appeal Nos. 0120092479 & 0120092480 (July 30, 2010). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(b).

In her request, Complainant expresses her disagreement with the previous decision and repeats arguments made previously. After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120092479 and 0120092480 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

2                                    0520100564, 0520100565

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security.  See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney with the Court does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

**NOV 1 2 2010**
_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAINA KUGLER,

                       Index No.:

              Plaintiff,

      -against-            **ATTORNEY CERTIFICATION
                               AS PER FEDERAL RULE 11**

JOHN E. POTTER, POSTMASTER GENERAL,

             Defendant.
----------------------------------X

    I, STEPHEN I. FEDER, ESQ., hereby certify, under the penalties of perjury, and as an officer of the Court, that to the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of the papers or the contentions herein are not frivolous.

Dated:    Forest Hills, NY
          February 8, 2011

                               STEPHEN I. FEDER, ESQ.

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAINA KUGLER,

                 Plaintiff,

         -against-

JOHN E. POTTER, POSTMASTER GENERAL,

                 Defendant.
----------------------------------X

                              Index No.:

                             **VERIFICATION**

STATE OF NEW YORK   )
COUNTY OF QUEENS   ) ss.:

    RAINA KUGLER, being duly sworn, deposes and says:

    I am the Plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe it to be true.

                                        RAINA KUGLER

SWORN TO BEFORE ME THIS
8 DAY OF FEBRUARY, 2011

NOTARY PUBLIC

11-40117
                       STEPHEN FEDER
             Notary Public, State of New York
                No. 41-4784757
             Qualified in Queens County
          Commission Expires May 31, 20_11_

15