UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAINA KUGLER,

                               **Plaintiff,**                  **MEMORANDUM AND ORDER**

            **-against-**                            **11-CV-648 (RRM)**

JOHN E. POTTER, et al.,

                             **Defendants.**
--------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

The Court is in receipt of various filings from the parties in connection with this

Court's Minute Entry of July 2, 2012, directing defendant "to respond to plaintiff's discovery

demand by disclosing to plaintiff, by 7/23/12, the names of all employees worki[n]g out of the

RTS unit in 2006, as well as their next assignment after the RTS unit." Minute Entry (July 2,

2012) ("7/2/12 Order"), Electronic Case Filing Docket Entry ("DE") #46. In response to the

7/2/12 Order, defendant filed and served a Declaration of David H. Rudy ("Rudy

Declaration"), detailing how limited duty job assignments in Brooklyn were handled by the

Postal Service from 2003 to 2006, and identifying three limited duty employees who, like

plaintiff, were working out of the RTS Unit in 2006, and the sites to which they were

reassigned later that year. See generally Rudy Declaration, DE #47-1.[1]

Dissatisfied with this information, plaintiff filed a letter with the Court on July 30,

---

[1] According to the Rudy Declaration, a computer search for the information ordered by the Court was unproductive, because the temporary assignments of limited duty employees to the RTS Unit were not inputted as permanent assignments to that unit; therefore, defendant conducted a manual review of the Postal Service's hard-copy injury compensation files for 2003 to 2006. See Rudy Declaration ¶¶ 22-23.

2012, complaining that

> [d]efendant did not produce any of the *documents* as per the Court's
> Order dated July 2, 2012.  We did not receive the list of employees
> working in the RTS Unit in 2006, as well as where the same employees
> were placed as their next assignment.  We received only a Declaration of
> David Rudy along with several exhibits.

Memorandum in Opposition (July 30, 2012) at 1, DE #48 (emphasis added).  In particular,

plaintiff insists that, contrary to Mr. Rudy's sworn assertion, "the Postal Service clearly must

maintain a complete list of employees regardless of their status."  Id. at 2.  And, in an

unauthorized reply filed yesterday, plaintiff disputes defendant's contention[2] that the Rudy

Declaration contains the information sought by her; plaintiff reiterates that the Rudy

Declaration does not include "supporting documentation regarding identified employees of the

RTS unit."  Memorandum in Opposition (Aug. 6, 2012) ("Pl. 8/6/12 Letter") at 1, DE #51.

Plaintiff's request for a compulsion order is denied.  Plaintiff misconstrues the scope of

the Court's 7/2/12 Order, which directed defendant to produce information, not documents;

specifically, defendant was ordered to disclose the "names" of employees working out of the

RTS Unit in 2006, as well as their subsequent work assignments.  See 7/2/12 Order.  Plaintiff

apparently made no formal demand for the documentation that she now claims she is entitled

to.  See Letter in Opposition to Plaintiff's June 11, 2012 Motion to Compel (June 13, 2012) at

2, DE #34 (noting that plaintiff demanded "the names of all individuals working in the RTS

Unit in the Brooklyn GMF facility during the period of August 2004 to present").  Having

learned her co-worker's subsequent assignments, plaintiff now has *more* information than she

---

[2] See Letter in Response to Plaintiff's 7/30/12 Letter (Aug. 1, 2012) at 1, DE #50.

demanded in her formal discovery requests.

In sum, the Court's 7/2/12 Order required the production of *information*; defendant has

provided it; and plaintiff failed to object to the limited scope of the 7/2/12 Order.  Although

plaintiff now takes issue with the facts recounted in the Rudy Declaration,[3] and complains that

defendant has changed its position throughout this litigation, she has not identified any

violation of this Court's discovery order.  Accordingly, the relief requested in plaintiff's July

30th letter is denied.

         **SO ORDERED.**

**Dated:**     **Brooklyn, New York**
            **August 7, 2012**

                        /s/ *Roanne L. Mann*

                        **ROANNE L. MANN**
                        **UNITED STATES MAGISTRATE JUDGE**

---

[3]  Notably, while plaintiff challenges Mr. Rudy's credibility in suggesting that no pre-existing list of employees could be located, see Pl. 8/6/12 Letter at 1, she fails to identify a single employee with whom she worked in the RTS Unit whose name has not been included in the Reply Declaration.