UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAINA KUGLER,

                              Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                                       11-CV-648 (RRM)(RLM)

       - against -

JOHN E. POTTER, POSTMASTER GENERAL,
et al.,

                              Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Raina Kugler moves the Court to reconsider its December 12, 2012 order denying her request to reopen discovery. The December 12, 2012 order denied Kugler's request because Kugler had ample time to depose individuals and gather evidence about whether all limited duty employees at the facility where she worked were reassigned, as the Defendant represented at the pre-motion conference held on November 9, 2012.

      A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated." *Williams v. County of Nassau*, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011).

      In her reconsideration motion, Kugler argues that the Defendant's representation at the pre-motion conference was "the first time Plaintiff was aware of this position." (Pl.'s Mot. for Recons. (Doc. No. 64) at 1.) Kugler also submitted evidence that the Defendant assigned limited duty employees to the facility in 2009, which "directly contradicts Defense's new claims that

they removed every single Limited Duty employee from the building in 2006." (*Id*. at 2.) In response, the Defendant provides evidence that demonstrates the USPS reassigned all limited duty employees in the very facility in which Kugler worked. Such evidence clearly undermines, if not refutes, Kugler's contention that she was unaware of the Defendant's position that the USPS reassigned all limited duty employees. Even if the USPS did not reassign all of them, Kugler was on notice and could have explored this issue further in discovery. Even still, Kugler's evidence is irrelevant because it pertains to reassignments in 2009, three years after she was terminated.

In sum, the evidence which Kugler presents is not a sufficient basis upon which to grant the reconsideration motion. *See Gotlin v. Lederman*, 05-CV-3736, 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) ("Discovery should not be extended when a party had ample opportunity to pursue the evidence during discovery."). As such, Kugler's motion for reconsideration is DENIED.

The briefing schedule on the motion for summary judgment ordered on December 13, 2012 remains in effect. Defendants shall serve their motion papers by January 14, 2013. Plaintiff shall serve opposition papers by February 15, 2013. Defendants shall serve their reply papers, if any, on Plaintiff and file their fully briefed motion by March 15, 2013.

SO ORDERED.

Dated: Brooklyn, New York
      January 11, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge